### Same Case—On a re-hearing.

*Emerson,* for the appellants. The defendants were bound, as consignees, to retain the goods until a bill of lading, or order was presented for them. 3 La. 229–30. *Ostrander* v. *Brown,* 15 Johns. 39. *Magill* v. *Potter,* 2 Johns. Cases, 371. *Chickering* v. *Fowler,* 4 Pickering, 371. The defendants having misdelivered the goods, and plaintiffs having been forced to pay for them, the former are bound to indemnify the latter. Civil Code, 2971, 2972. Story, Agency, 190, 210, § 201 and 217. 8. Taunton, 202. But the defendants knew of the assignment of the bill of lading to Armor, or might have known, had they exercised ordinary care. Three bills of lading for the same thing are always made out—one is preserved by the shipper, one forwarded to the consignee, and one sent on with the ship. By the act of Congress of 18 Feb. 1793, chap. 52, § 14, 15, 16, 17, 18, vessels engaged in the coasting trade are required, under severe penalties, to carry manifests of their cargoes, specifying the marks and numbers of each case, box, package, &c., with the name and residence of the shipper and consignee. The contrary not having been shown, the court will presume that the requirements of this law have been complied with. A copy of the manifest, with the bills of lading, is handed to the consignee as soon as the ship arrives. If, in this case, the defendants examined the bills of lading, they would be clearly liable for the loss. If they failed to do so, the fault was their own, and their responsibility should be the same.

The duty of the defendants was to deliver the boxes to the consignees, on the production of the bill of lading, at the usual place of discharge, to wit, on the levée; or, in case of the consignees' failure to appear there, to store them. 3 La., 227. 5, Term R., 389. 4 Pick., 371. 4 Bos. & Pul., 16. 5 B. and Ald., 58. 15 Johns., 39. They did neither; but by voluntarily sending them from the levée to Kirkman, Abernathy & Hanna, who neither sent for them, nor had any right to receive them, caused this loss, for which, as agents, they are clearly responsible.

Martin, J. A re-hearing was granted to the plaintiffs, who

were anxious to obtain a judgment against the defendants, that the case should be remanded to the District Court, or one of nonsuit only. After a new and laborious investigation of the arguments theretofore adduced, the application for a re-hearing, and the written arguments thereto added, we have risen from the examination of the law and facts of this case, with the impression that our former judgment should not be disturbed, but carried into execution.